```
                IN THE UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF KANSAS
```

**JAMES McKEIGHAN,**

        **Plaintiff,**

        v.                    CASE NO. 10-3141-SAC

**CORRECTIONS CORPORATION**
**OF AMERICA,**
**et al.,**

        **Defendants.**

## O R D E R

This civil rights complaint, 42 U.S.C. § 1983, was originally filed by plaintiff in the District Court of Leavenworth County, Kansas. <u>McKeighan v. CCA, et al.</u>, Case No. 2010-CV-00347. Mr. McKeighan is a federal prisoner who was detained at the Leavenworth Detention Center (LDC-CCA) in the custody of the United States Marshals Service (USMS) pretrial and during his trial. He is currently serving his federal sentence in the United States Penitentiary at Leavenworth, Kansas (USPL). The named defendants include two federal employees: Mike Shute, an employee of the USMS at the time, and Terra Morehead, an Assistant United States Attorney (AUSA) who was the prosecutor in his criminal case. Plaintiff also named as defendants Corrections Corporation of America (CCA), a private corporation that owns and operates the LDC, as well as several employees of LDC-CCA. The complaint is based upon events that allegedly occurred while plaintiff was detained at the LDC-CCA.

<u>**BACKGROUND**</u>

The state district court issued summons in this case in June 2010, and thereafter the two federal defendants, Morehead and Shute, filed a Notice of Removal to this court pursuant to 28 U.S.C. §§ 1442, 1446. No motion for remand was filed. When removal is effectuated pursuant to the federal officer removal statute, the entire action, including the original complaint, is removed to federal court. 28 U.S.C. § 1442(a)(1). Both the state court and this court have jurisdiction over claims of federal constitutional violations brought pursuant to 42 U.S.C. § 1983 against state actors.

In this court, Ms. Morehead and Mr. Shute have filed a Motion for Screening Order and for Extension of Time to File Responsive Pleading (Doc. 6). The removed complaint is substantially similar to that in a prior federal lawsuit filed by Mr. McKeighan that was dismissed, without prejudice, by this court in <u>McKeighan v. CCA, et al.</u>, Case No. 08-3173-SAC (D.Kan) on September 30, 2010. That litigation had an extensive factual background that is not revealed in the instant complaint. Very briefly summarized, in April 2006, plaintiff was taken into custody by the USMS, and detained at the LDC-CCA pending trial on federal charges in <u>U.S. v. McKeighan</u>, Case No. 06-CR-20066. In December, 2007, he was found guilty by a jury of drug possession with intent to distribute and illegal possession of firearms. On July 11, 2008, plaintiff filed the civil complaint in Case No. 08-3173. On July 24, 2008, he was sentenced to 293 months in prison. He appealed his convictions, but the docket in plaintiff's criminal case indicates that his direct criminal appeal was dismissed for failure to file an opening brief in the time required by the Tenth Circuit Court of Appeals. <u>U.S. v. McKeighan</u>,

Case No. 06-CR-20066 (Doc. 349), App. No. 08-3204 (Mar. 5, 2009).

Portions of the criminal file, such as the transcripts of the hearings on McKeighan's objections to his presentence investigation report and his sentencing, reveal the turmoil that transpired during his criminal prosecution. After hearing plaintiff's complaints and other statements at sentencing Judge Lungstrum plainly stated:

> The court has carefully considered the totality of the circumstances here. Of course, this is a case with which I am intimately familiar as the judge who presided over the trial of the case and heard the evidence that was presented. . . . As a preface to explaining my reasoning, I think it is important to note that I find absolutely no basis for the allegations made by Mr. McKeighan in his colloquy with the court here concerning the conduct of the prosecutor, the court, the court reporter, and numerous of Mr. McKeighan's attorneys.

Sentencing T. at 4.

This court has compared the two complaints, and reiterates that the removed complaint is nearly identical to the one filed by plaintiff in federal court in 2008 in Case No. 08-3173.[1] The court thoroughly screened the 2008 complaint, and found that it was subject to being dismissed for reasons set forth in a lengthy, detailed screening Memorandum and Order. The court takes judicial notice of the case file in <u>McKeighan v. CCA</u>, Case No. 08-3173. This court found, in its screening order in Case No. 08-3173 based upon the same allegations, that Mr. McKeighan stated no cause of action under § 1983 against the CCA because it is a private corporation and not a "person," and none against the LDC-CCA employees because they were employees of a private corporation and were not acting "under

---

[1] The instant state court complaint differs in that plaintiff sues only under 42 U.S.C. § 1983, has omitted two defendants, and has added and deleted allegations here and there that do not render the complaint substantially different.

3

color of state law." The court further advised Mr. McKeighan that he stated no cause of action against defendant Morehead and defendant Shute under § 1983 for the same reason, that neither acted under color of state law. In addition, the court dismissed plaintiff's claims regarding actions taken in connection with his federal prosecution, without prejudice, as challenges to his convictions. All but two of plaintiff's numerous claims regarding the conditions of his confinement at the LDC-CCA were dismissed for failure to state a claim. The two claims that survived that initial screening were (1) that he was denied all recreation and time outside his cell while housed in an overcrowded cell, and (2) that he was confined in segregation as punishment for attempting to defend in his criminal case. All plaintiff's claims for relief were dismissed except those for money damages. Service was ordered upon the remaining defendants and claims.[2] Defendants then filed Motions to Dismiss, which this court treated as a Motion for Summary Judgment. Plaintiff was given time to properly respond to this dispositive motion. He was advised as to the following summary judgment standards:

> Once the moving party has met its burden with a properly supported motion, the burden then shifts to the opposing party to present specific facts showing there is a genuine issue for trial. Fed.R.Civ.P. 56(e); <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986); <u>Whitesel v. Sengenberger</u>, 222 F.3d 861, 867 (10th Cir. 2000)("If the movant carries this initial burden, the burden shifts to the nonmovant 'to go beyond the pleadings and set forth specific facts, identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein,' from which a rational trier of fact could find for the nonmovant.")(citing <u>Mitchell v. City of Moore</u>,

---

[2] Plaintiff filed an interlocutory appeal that was dismissed by the Tenth Circuit upon their finding that no final judgment had been entered and thus there was no appealable order.

4

> Ok., 218 F.3d 1190, 1197 (10th Cir. 2000)). Where the opposing party bears the burden of proof on the issue in dispute, conclusory allegations, unsupported by factual material, are insufficient to defeat the motion. Instead, the opposing party must, by affidavit or as otherwise provided by Rule 56, designate specific facts that show there is a genuine issue for trial. Anderson, 477 U.S. at 249, 256 ("A party opposing a properly supported motion for summary judgment may not rest on mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial."). The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. Id.

Case No. 08-3173 (Doc. 47)(Feb. 4, 2010). Plaintiff responded to defendants' motion for summary judgment. The court analyzed the record and entered an Order granting the motion and dismissing the action, without prejudice.

Just as in his prior federal complaint, Mr. McKeighan alleges in his complaint filed in state court and removed to this court that defendant Morehead "instructed the USMS to order CCA employees" to violate plaintiff's constitutional rights and that defendant Shute personally ordered CCA employees to violate plaintiff's constitutional rights. Also as in his prior federal complaint, Mr. McKeighan claims that defendant CCA and LDC-CCA employees, defendants Mundt, Daugherty, Roberts, Green, and Fulton, subjected him to various conditions at the LDC that violated his constitutional rights. His complaints include his placement in segregation without a hearing, overcrowding, denial of exercise for weeks at a time, denial of access to the law library during "many weeks," denial of telephone use for months, denial of showers and a change of clothes for 4 to 5 days, and being provided dingy, stained underwear and clothing.

**MOTION FOR SUMMARY JUDGMENT**

After this case was removed to federal court, a Motion for Summary Judgment (Doc. 14) was filed, purportedly on behalf of all defendants herein, along with a Memorandum and Brief in Support (Doc. 15). Thereafter, an Amended Motion for Summary Judgment (Doc. 16) was filed indicating that the motion was on behalf of all defendants except defendants Morehead and Shute, since counsel filing the motion did not represent defendants Morehead and Shute. Having considered the Amended Motion for Summary Judgment of defendants CCA, Robert Mundt, Bruce Roberts, Ken Daugherty, George Green, and Melanie Fulton, the court finds it should be sustained.

Movants set forth the proper summary judgment standards in their motion:

> Once the moving party meets its burden, the burden shifts to the nonmoving party to demonstrate that genuine issues remain for trial "as to those dispositive matters for which it carries the burden of proof." (Citations omitted). The nonmoving party may not rest on its pleadings but must set forth specific facts. (Citation omitted).

(Doc. 15) at 3. Defendants cited the further standard that "[i]n response to a motion for summary judgment, a party cannot rely on ignorance of facts, on speculation, or on suspicion, and may not escape summary judgment in the mere hope that something will turn up at trial." In considering a motion for summary judgment, the court reviews the evidence in the light most favorable to the nonmoving party. Jiron v. City of Lakewood, 392 F.3d 410, 414 (10th Cir. 2004). A dispute is "genuine" if a reasonable jury could return a verdict for the nonmoving party. Anderson, 477 U.S. at 248. "Material facts" are "facts which might affect the outcome of the suit under the governing law." Id. Furthermore, if the moving

6

party demonstrates an absence of evidence regarding an issue on which the nonmoving party will bear the burden of proof at trial, the nonmoving party can defeat summary judgment only by designating with evidence outside of the pleadings "specific facts showing that there is a genuine issue for trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). D.Kan. Rule 6.1 (d)(2) provides in pertinent part that "[r]esponses to motions to dismiss or for summary judgment must be filed and served within 21 days. . . ." D.Kan. Rule 7.4 provides: "If a responsive brief or memorandum is not filed within the Rule 6.1(d) time requirements, the court will consider and decide the motion as an uncontested motion."

The record indicates that plaintiff was served with copies of the motions and the Memorandum in Support. The time for plaintiff to respond to defendants' dispositive motion has expired, and plaintiff has filed no response whatsoever. McKeighan's failure to file a timely response to the motion waives his right to respond and to controvert the facts asserted in the motion, and thus leaves the defendants' evidence uncontroverted. Luginbyhl v. CCA, 216 Fed.Appx. 721, 723 (10th Cir. 2007); Fed.R.Civ.P. Rule 56(e)(2), (3). The court may not, and does not, grant summary judgment in favor of movants based solely upon or as a sanction for plaintiff's failure to file a response to their summary judgment motion. See Reed v. Bennett, 312 F.3d 1190, 1195 (10th Cir. 2002). Instead, the court has considered the motion and grants summary judgment because the uncontroverted facts in the motion meet the requirements of Fed.R.Civ.56(a) of establishing that "there is no genuine dispute as to any material fact and the movant(s) are entitled to judgment as a matter of law." Id.

7

Having reviewed defendants' motion for summary judgment, the court finds that the following uncontroverted facts are established therein. Defendants set forth facts showing that plaintiff's previous complaint in Case No. 08-3173 was dismissed upon summary judgment based upon the court's finding that no genuine issue of material fact existed as to plaintiff's failure to exhaust administrative remedies on his conditions claims; and that the claims filed by plaintiff against all the defendants named herein, are substantially the same to those in his prior lawsuit. Movants further allege and provide exhibits showing that plaintiff failed to exhaust his administrative remedies on his claims against movants in the instant action for two reasons. First, Mr. McKeighan did not timely file anything regarding those claims, and only submitted "an Information Request" that "was not filed until March 1, 2008, almost one year after (he was first) placed in segregation on March 28, 2007. This was well outside the requirement that the grievance process be started by the inmate no more than seven (7) days from the date the problem or incident became known to the inmate." Second, an Information Resolution form and grievance he did file did not concern his placement in segregation but complained of restrictions on his telephone usage. Based upon these facts, movants assert the affirmative defenses of res judicata[3] and failure to exhaust administrative remedies, and move for dismissal upon summary judgment of the entire complaint.

Movants argue, and cite competent authority for their

---

[3] Res judicata does not apply in a case where the court's decision was not upon the merits and the action was dismissed without prejudice.

arguments, that exhaustion of administrative remedies is mandatory,[4] that in order to exhaust an inmate must comply with the applicable procedural rules including deadlines,[5] and that the inmate's grievances must be specific enough to allow prison officials to address the same claims. Applying the legal standards to the uncontroverted facts set forth in the motion, it is clear that Mr. McKeighan's claims were not properly exhausted and must be dismissed. See Luginbyhl, 216 Fed.Appx. at 723 (citing 42 U.S.C. § 1997e). Since defendants met their initial burden, the plaintiff was required to "demonstrate with specificity the existence of a disputed material fact." Hutchinson v. Pfeil, 105 F.3d 562, 564 (10th Cir.), cert. denied, 522 U.S. 914 (1997). Because plaintiff has failed to file any response, he has obviously failed to make such a showing. Nor has he alleged additional facts in the complaint now before the court that show timely exhaustion. The court finds from the foregoing that the affirmative defense of failure to exhaust prison administrative remedies bars plaintiff's claims herein. The court concludes that movants are entitled to summary judgment as a matter of law. Accordingly, the Motion for Summary Judgment of defendants CCA, Robert Mundt, Bruce Roberts, Ken Daugherty, George Green and Melanie Fulton seeking dismissal of the

---

[4] See also Stone v. Albert, 257 Fed.Appx. 96, 100 (10th Cir. 2007)(§ 1997e(a) "unqualifiedly directs that '[n]o action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or correctional facility until such administrative remedies as are available are exhausted.' (Emphasis added.)."

[5] See also Smith v. Beck, 165 Fed.Appx. 681, 683 (10th Cir. 2006)(citing Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002). "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies." Id.; Woodford v. Ngo, 548 U.S. 81, 90 (2006).

entire complaint as against them is sustained. See Luginbyhl, 216 Fed.Appx. at 721.

**MOTION FOR SCREENING ORDER AND EXTENSION OF TIME**

The court has considered the Motion for Order Screening Complaint and Motion for Extension of Time to File Answer filed by defendants Morehead and Shute (Doc. 6). In this motion, the two federal defendants also note that the allegations in the instant complaint are nearly identical to those in the complaint filed in Case No. 08-3173. The court is asked to screen the complaint in this case and to dismiss any and all claims that are legally frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. Mr. McKeighan has filed no response to this motion.

As plaintiff was informed in his prior lawsuit against these defendants, because he is a prisoner the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b). Having screened the complaint filed in this case, the court finds that the claims alleged therein against defendants Morehead and Shute must be dismissed upon screening for the following reasons.

Plaintiff brought this lawsuit under 42 U.S.C. § 1983 only. As he was informed in his prior lawsuit in federal court, the "under color of state law" requirement is an "essential element" of a claim under § 1983 action. West v. Atkins, 487 U.S. 42, 48-49 (1988);

Polk County v. Dodson, 454 U.S. 312, 315 (1981). A defendant acts "under color of state law" when he or she exercises "power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." Lugar v. Edmonsdson Oil Co., Inc., 457 U.S. 922, 929 (1982)(citations omitted); West, 487 U.S. at 49; Yanaki v. Iomed, Inc., 415 F.3d 1204, 1208 (10th Cir. 2005), cert. denied, 547 U.S. 1111 (2006). It is plaintiff's burden to meet the jurisdictional prerequisite that the defendants acted under color of state law. Hall v. Witteman, 569 F.Supp.2d 1208, 1220 (D.Kan. 2008)(citing see Dry v. City of Durant, 242 F.3d 388 (10th Cir. 2000), aff'd, 584 F.3d 859 (10th Cir. 2009).

Plaintiff was explicitly informed in Case No. 08-3173 that federal officials or employees do not act under color of state law.[6] See McKeighan v. CCA, 2009 WL 1631593 (D.Kan. June 9, 2009). Defendant Morehead and defendant Shute were federal employees or officials, and as such they were acting under color of federal authority, not under state law. See Belhomme v. Widnall, 127 F.3d 1214, 1217 (10th Cir. 1997), cert. denied, 523 U.S. 1100 (1998)(citing see Wheeldin v. Wheeler, 373 U.S. 647, 650 & n. 2 (1963); see also Campbell v. Amax Coal Co., 610 F.2d 701, 702 (10th Cir. 1979)("[Section] 1983 . . . does not apply to federal officers acting under color of federal law.")). Plaintiff has not alleged any facts showing that these two defendants either conspired with state actors or participated in joint action with the State or its

---

[6] "Since plaintiff was a federal detainee at all relevant times, it does not appear that any defendant acted under color of state law." McChan v. CCC, 1997 WL 104110 at *3 (D.Kan. Feb. 13, 1997)(unpublished); see Gillespie v. Civiletti, 629 F.2d 637 (9th Cir. 1980). "Consequently, jurisdiction does not lie against any defendant under 42 U.S.C. § 1983." Id. Mr. McKeighan did not bring this action under Bivens and 28 U.S.C. § 1331, and could not have filed a Bivens action in state court.

agents. Consequently, plaintiff has not alleged any basis for suing defendants Morehead and Shute under 42 U.S.C. § 1983. See Dennis v. Sparks, 449 U.S. 24, 27-28 (1980).

Moreover, this court held in Case No. 08-3173, that Mr. McKeighan stated no cause of action in federal court against Ms. Morehead based upon the same facts as he has now re-alleged in his complaint filed in Leavenworth County District Court. As Mr. McKeighan was informed in his prior lawsuit, federal prosecutors are generally immune to suit for money damages for actions taken within the course of their official duties in a criminal prosecution.[7] He was also informed that those of his claims, which in essence are challenges to his criminal convictions, are premature and barred by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).[8] While the court is required to liberally construe this pro se complaint, it "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-1174 (10th Cir. 1997).

Even if this court liberally construed plaintiff's claims against these two federal defendants as a complaint brought under Bivens, it would deny relief against defendant Morehead for the same reasons stated in its orders dismissing these claims against defendant Morehead in Case No. 08-3187.[9] It would also dismiss this

---

[7] See Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976).

[8] Under Heck, a prisoner may not recover money damages or other relief in this action based upon any of his claims that, if proven, would render his conviction or sentence invalid. See id. Instead, before he may seek such relief in a civil rights action, he must prove that his conviction or sentence has been reversed on direct appeal or by some other appropriate process. Id.

[9] There has never been any indication that Mr. McKeighan has satisfied the exhaustion prerequisite for proceeding against a federal employee under the Federal Torts Claims Act or that he intended to proceed against the United States

12

action against defendant Shute for reasons stated in its Orders in 08-3173, including plaintiff's failure to show exhaustion of administrative remedies on these claims. The exhaustion requirement in 42 U.S.C. § 1997e applies "to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 524, 532 (2002). Moreover, exhaustion of administrative remedies under the PLRA is required for all inmates seeking relief in federal district court even when the administrative procedure fails to provide a particular type of relief, such as monetary damages. Booth v. Churner, 532 U.S. 731, 734, 741 (2001). Plaintiff is not excused from the exhaustion requirement of § 1997e simply because he attempted to file the same claims in state court, and they were removed to federal court.

A dismissal "without affording the plaintiff notice or an opportunity to amend is proper only 'when it is patently obvious that plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile'." Curley v. Perry, 246 F.3d 1278, 1281-82 (10th Cir. 2001)(quoting Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991)(additional quotation marks omitted)). Here, the court considered the same claims against the same defendants in a prior action filed by this plaintiff, provided plaintiff with opportunity to cure the same deficiencies found upon screening and in response to a summary judgment motion, and no different facts are alleged in the instant complaint that in any way suggest a different outcome. Under these unusual

---

under the FTCA.

13

circumstances, the court finds that its normal process of allowing plaintiff an opportunity to show cause why this lawsuit should not be dismissed against these two defendants for the reasons stated in this screening order is not warranted and would not serve the interests of judicial economy.[10] The court further finds it patently obvious that plaintiff could not prevail on the facts alleged.

For the foregoing reasons, the court dismisses all federal-law claims in the complaint against all defendants. To the extent the complaint might be construed as alleging any state-law claims,[11] this court exercises its discretion under 28 U.S.C. § 1367(c)(9) to dismiss the pendent state-law claims, without prejudice. See <u>Fields v. Okla. State Penitentiary</u>, 511 F.3d 1109, 1111 (10th Cir. 2007).

**IT IS THEREFORE BY THE COURT ORDERED** that the Motion for Order Screening Complaint (Doc. 6) of defendants Morehead and Shute is granted, and their Motion for Extension of Time to File Answer (Doc. 6) is denied as moot.

**IT IS FURTHER ORDERED** that the Amended Motion for Summary Judgment (Docs. 14, 16) of defendants CCA, Robert Mundt, Bruce Roberts, Ken Daugherty, George Green, and Melanie Fulton seeking dismissal of the entire complaint as against them is sustained.

**IT IS FURTHER ORDERED** that this action is dismissed as against all defendants and all relief is denied, without prejudice.

**IT IS SO ORDERED.**

Dated this 17th day of March, 2010, at Topeka, Kansas.

---

[10] The orders of this court in Case No. 08-3173 are currently on appeal before the Tenth Circuit Court of Appeals.

[11] Plaintiff has asserted no state law basis, other than 42 U.S.C. § 1983, for his claims.

s/Sam A. Crow
U. S. Senior District Judge